# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RICHARD LOVETT,                 )
               Plaintiff,     )
v.                              )     Case No. CIV-09-1189-HE
                                )
DR. JOAQUIAN,                   )
               Defendant.     )

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, submitted to this Court for filing a civil rights complaint pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights. He seeks to proceed in this action *in forma pauperis*, without prepayment of the fees for filing.

Plaintiff's motion for leave to proceed *in forma pauperis* is deficient. Plaintiff's motion is missing financial information and/or the signature of an authorized officer of the penal institution where he was incarcerated and is missing a certified copy of Plaintiff's institutional account(s) statement for the six-month period immediately preceding the filing. An Order was entered on December 15, 2009, giving Plaintiff until January 5, 2010, to cure the deficiencies.

On January 19, 2010, rather than recommending dismissal of the action for failure to comply with the Court's Order, the Court *sua sponte* gave Plaintiff additional time, until February 2, 2010, in which to cure the deficiencies or voluntarily dismiss his action. Plaintiff was advised that failure to comply with the terms of the Order could result in dismissal of this action without prejudice to refiling.

A review of the file reflects that the Court's January 19, 2010 Order [Doc. #12] mailed to Plaintiff was returned to this Court with the notation "Gone 12-23-09" handwritten on the envelope.

As of this date, Plaintiff has not submitted the financial information and/or the signature of an authorized officer of the penal institution where he is incarcerated, a certified copy of Plaintiff's institutional account(s) statement for the six-month period immediately preceding the filing, requested an extension of time to do so, or voluntarily dismissed his action. Further, he has not supplied the Court with a Notice of Change of Address. Under these circumstances, the action should be dismissed without prejudice pursuant to LCvR 3.2 and 3.3.

## **NOTICE OF RIGHT TO OBJECT**

Plaintiff has a right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Within 14 days after being served with a copy of this Report and Recommendation, Plaintiff may serve and file specific written objections with the Clerk of the District Court. Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives Plaintiff's right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral.

ENTERED this  4th  day of February, 2010.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE